[No. 3638.]

THOMAS TAYLOR v. THE STATE.

THEFT.—INDICTMENT for theft alleging a joint ownership of the property stolen in two or more persons is not sufficient if it negatives merely the joint consent of the alleged owners. It should negative the consent to the taking of each of the alleged owners. See the opinion *in extenso* on the question.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The indictment in this case charged the appellant, William Miller and F. G. Nichols jointly with the theft of $3,700 in money, the property of E. S. Wood and Poley Reed. The appellant being alone upon trial was convicted, and his punishment was assessed at a term of five years in the penitentiary.

*Gerald Griffin*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. When an indictment for theft alleges the ownership of the property in two or more persons, it must negative the consent to the taking of each alleged owner. An allegation negativing their *joint* consent will not be sufficient, because if *either* of the owners consented to the taking there would be no theft. In such case the taking would not be wrongful. (Penal Code, art. 727; *Powell* v. *The State*, 11 Texas Ct. App., 401; *Morrison* v. *The State*, 17 Texas Ct. App., 34.)

In this case the indictment alleges that E. S. Wood and Poley Reed were the owners of the property taken, and that it was taken " without the consent of the said E. S. Wood and the said Poley Reed." The ownership alleged is a joint one, and the want of consent, as alleged, is the want of the *joint* consent only of the owners. It should have expressly negatived the consent of each of the owners. While the State under this allegation would be permitted to prove that the owners *jointly* did not consent to the taking of the property, it would not be permitted to prove that *separately* they did not so consent, because it is not so alleged; and yet without such proof the crime of theft could not be established.

We think the indictment is fatally defective, and because the court erred in overruling the exceptions to it, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

[Opinion delivered June 20, 1885.]